

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHERN DIVISIONAL AREA

| | |
|---|---|
| TERENCE RONALD STARKS, an individual ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| JAMES TILLMAN MCPEAKE, an individual, ) | |
| THE PICTSWEET COMPANY, ) | |
| ) | |
| Defendants. ) | |

## REMOVAL PETITION

Come now the Defendants, JAMES TILLMAN MCPEAKE, an individual and THE PICTSWEET COMPANY, a corporation, and pursuant to 28 U.S.C. §1441(a) file this their Removal Petition and hereby remove this action to this Court from the Circuit Court of Lawrence County, Alabama. In support of this Removal Petition, Defendants say as follows:

1. This is a civil action where Plaintiff claims Defendant James Tillman McPeake as an agent, servant, or employee of The Pictsweet Company was guilty of negligence and/or wantonness which was the cause of an accident occurring on or about March 5, 2015 on Alabama Hwy 157 at County Road 508 and County Road 242 in Lawrence County, Alabama. Plaintiff further claims that Defendant Pictsweet Company was guilty of negligent and/or wanton entrustment of a motor vehicle to an known incompetent and that it was guilty of negligent and/or wanton

hiring, training and supervision of James T. McPeake. Plaintiff is claiming both compensatory and punitive damages. This action was commenced by the Plaintiff filing a Complaint in the Circuit Court of Lawrence County on or about March 2, 2017. Both Defendants answered the Complaint, more than 30 days prior to the filing of this Removal Petition. A true and correct copy of the original Complaint and all other pleadings served upon these Defendants are attached hereto and marked as Exhibit A. This Removal is being down within 30 days from the date this case became removable.

2. There exists complete diversity of citizenship between the Plaintiff and the Defendants. The Plaintiff is a resident citizen of the State of South Carolina. The Defendant James Tillman McPeake is a resident and citizen of the State of Tennessee. The Defendant The Pictsweet Company, a corporation, is a resident citizen of the State of Tennessee and as such as a citizen of a state other than the state of Plaintiff's citizenship and the state were the action is pending.

3. This action is removable under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original diversity jurisdiction under the provisions of 28 U.S.C. § 1332.

4. Defendant The Pictsweet Company served upon the Plaintiff Request for Admissions to ascertain whether the amount in controversy exceeded the sum of $75,000 exclusive of interest and costs. Plaintiff responded to those Request for

Admissions on March 24, 2017. In response to the request as to whether Plaintiff was claiming damages in the amount of $75,000, the Plaintiff answered by only admitting that he can neither admit nor deny this. In response to the question as to whether Plaintiff would ask the jury hearing this case to award a sum in excess of $75,000, the Plaintiff responded to that and other request for admissions that the Plaintiff can neither admit nor deny.

5. While the Complaint does not make a specific amount of damages, Plaintiff is claiming both compensatory damages and punitive damages. Plaintiff's failure to deny that he will claim less than $75,000 shows that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

6. When determining whether the jurisdictional amount in controversy is met the Court must consider the claim for punitive damages "unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F. 2d 1531 (11th Circuit 1987). While these Defendants deny they were guilty of any wanton misconduct which could entitle the Plaintiff to any award of damages it is evident that the Plaintiff prevails upon his claim that the recovery reasonably may exceed the required jurisdictional amount.

7. This removal petition is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within 30 days after the Defendants receipt of Plaintiff's Responses to Request for Admission refusing to rule out the amount in controversy

as exceeding $75,000.

8. Written notice of this Removal Petition is being sent to the Plaintiff's attorney, being the only adverse party. A Notice of Removal is being filed with the Clerk of the Circuit Court of Lawrence County, Alabama as provided by 28 U.S.C. § 1446 (d).

9. The undersigned has read this removal petition and to the best of the undersigned's knowledge, information and belief, formed after a reasonable inquiry, represents that it is well grounded in fact as well as warranted by existing law. The undersigned certifies this removal petition is not being interposed for any improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation.

Done this the 5th day of April, 2017.

*/s/ John W. Clark*
John W. Clark, Jr.

Clark, Hair & Smith, P.C.
100 Urban Center Drive, Suite 125
Birmingham, Alabama 35242
205-397-2900
205-397-2901 – Fax
Email: jclark@chslaw.com

*Attorney for Defendants*

## DEFENDANT DEMANDS TRIAL BY JURY OF ALL ISSUES HEREIN

### CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of April, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing; and I hereby certify that any non e-filing participants to whom the foregoing is due will have a copy of same placed in the United States mail, first class postage prepaid and properly addressed this same day.

John David Lawrence
Farris, Riley & Pitt, L.L.P.
505 20th Street North
Birmingham, Alabama 35203
205-324-1212
205-324-1255 – Fax
Email: jlawrence@frplegal.com

Lawrence County Circuit Court Clerk

_____
Of Counsel