# EXHIBIT
# A

ELECTRONICALLY FILED
3/2/2017 3:21 PM
42-CV-2017-900034.00
CIRCUIT COURT OF
LAWRENCE COUNTY, ALABAMA
SANDRA LIGON, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>42 |
|---|---|---|

Date of Filing:
03/02/2017

Judge Code:

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA
### TERENCE RONALD STARKS v. JAMES TILLMAN MCPEAKE ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING  A ☐ APPEAL FROM DISTRICT COURT  O ☐ OTHER

R ☐ REMANDED  T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO  Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
LAW036

3/2/2017 3:21:53 PM
Date

/s/ JOHN DAVID LAWRENCE
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

ELECTRONICALLY FILED
3/2/2017 3:21 PM
42-CV-2017-900034.00
CIRCUIT COURT OF
LAWRENCE COUNTY, ALABAMA
SANDRA LIGON, CLERK

## IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

| | |
|---|---|
| TERENCE RONALD STARKS, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:_____ |
| | ) |
| JAMES TILLMAN MCPEAKE, an individual; | ) |
| THE PICTSWEET COMPANY; | ) |
| | ) |

There may be other entities whose true names and identities are unknown to the Plaintiff at this time, who may be legally responsible for the claim(s) set forth herein who may be added by amendment by the Plaintiff when their true names and identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with ARCP 9(h). The word "entity" as used herein is intended to refer to and include any and all legal entities including individual persons, any and all forms of partnership, any and all types of corporations and unincorporated associations. The symbol by which these parties Defendant are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity". In the present action, the parties Defendant which the Plaintiff must include by descriptive characterization are as follows:

Defendants A, B and C, that person who was operating the vehicle which permitted, caused or allowed a vehicle to collide with vehicle of TERENCE RONALD STARKS;

Defendant D, E and F, that entity on whose behalf the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by TERENCE RONALD STARKS, was being operated;

Defendant G, H and I, that entity who was the employer of the driver of the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle of TERENCE RONALD STARKS;

Defendant J, K and L, that entity which owned the vehicle which permitted, caused or allowed the vehicle to collide with the vehicle occupied by TERENCE RONALD STARKS;

Defendant M, N and O, that entity who controlled the operation of the vehicle which permitted, caused or allowed the vehicle to collide with the vehicle occupied by TERENCE RONALD STARKS;

Defendant P, Q and R, that entity which entrusted the vehicle which permitted, caused or allowed a vehicle to collide with the vehicle occupied by TERENCE RONALD STARKS to the driver of said vehicle;

Defendant S, T and U, that entity which maintained the vehicle which permitted, caused or allowed the vehicle to collide with the vehicle occupied by TERENCE RONALD STARKS;

Defendant V, W, and X, the person, firm or corporation for whose benefit the trip was being made by the Defendant(s) on the occasion of the accident made the basis of this suit;

Defendants Y, Z, and AA, that person, firm or corporation who was in control and direction of the trip being conducted by the Defendant(s) at the time of the accident made the basis of this suit;

Defendants BB, CC and DD, that entity who designed, manufactured or otherwise marketed the vehicle that TERENCE RONALD STARKS was operating at the time of the incident made the subject matter of this lawsuit;

Defendants EE, FF, and GG, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity which negligently entrusted to JAMES TILLMAN MCPEAKE, the vehicle he was driving on the occasion made the basis of this Complaint;

Defendants, HH, II, and JJ, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity which had any interest by way of trip-lease, contract, lease, or similar agreement whatsoever in the operation of the vehicle by JAMES TILLMAN MCPEAKE, on or about the occasion made the basis of this Complaint;

Defendants, KK, LL, and MM, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity for whom JAMES TILLMAN MCPEAKE, was acting within the line and scope of authority, or agency with said entity, on the occasion made the basis of this Complaint,

Defendants, NN, OO, and PP, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity (which in addition to those individuals and entities described above) whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

Defendants, QQ, RR, and SS, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity (which in addition to those individuals and entities described above) whose negligence, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit;

Defendants, TT, UU, and VV, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity who or which provided any insurance coverage, of whatever kind or character, to any of the named or fictitious Defendants herein;

Defendants, WW, XX, and YY, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity who or which is/are the successor in interest of any Defendant named or described herein;

Defendants, ZZ, AAA, and BBB, whether singular or plural, that entity or those entities intending to refer to that person, firm, corporation or other legal entity who or which is/are the predecessor to any Defendant named or described herein;

Defendants, CCC, DDD, and EEE, those persons, firms, corporations or other legal entities that breached a legal duty owed to the Plaintiff whether in tort, contract, equity or statutory violation thereby proximately causing his injuries;

   Defendants.

# COMPLAINT

### Parties/ Jurisdiction

1.      The Plaintiff, TERENCE RONALD STARKS, is over the age of nineteen (19) years and a resident citizen of the State of South Carolina.

2.      The Defendant, JAMES TILLMAN MCPEAKE, is over the age of nineteen (19) years and a resident citizen of the State of Tennessee.

3.      The Defendant, THE PICTSWEET COMPANY (hereinafter "Pictsweet"), is a firm, partnership or corporation located in the State of Tennessee.  At all times relevant to this Complaint, Pictsweet was doing business in the State of Alabama.

4.      The Plaintiff avers that at all times material herein, Defendant, James Tillman McPeake, was an agent, servant, or employee of the Defendant, Pictsweet, and acting within the line and scope of his employment.

5.      The incident made the basis of this Complaint occurred in Rural Lawrence County, Alabama.

6.      The amount in controversy exceeds the jurisdictional limits of this Court.

### COUNT I
### (Negligence / Wantonness)

7.      Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

8.      Plaintiff avers that on or about the 5th day of March, 2015, upon a public highway, to-wit: Alabama highway 157 at County Road 508 and County Road 242, in Lawrence County,

3

Alabama, the Defendant, James Tillman McPeake, negligently or wantonly permitted, allowed, or caused a motor vehicle to collide with the vehicle Plaintiff was operating.

9.    As a direct or proximate consequence of the negligence or wantonness of the Defendants, the Plaintiff was caused to suffer the following injuries and damages:

      (a)    Plaintiff was caused to suffer physical pain and suffering;

      (b)    Plaintiff was caused to suffer mental anguish and emotional distress;

      (c)    Plaintiff was caused to seek medical treatment and was prevented from going about his normal activities;

      (d)    Plaintiff was permanently injured;

      (e)    Plaintiff was caused to incur medical expenses to treat and cure his injuries;

      (f)    Plaintiff was caused to lose time from his work and caused to suffer a loss of earned income;

      (g)    Plaintiff was caused to be injured and damaged, all to his detriment.

10.    The Plaintiff avers that the negligence or wanton conduct of each of the Defendants, both named and fictitious, combined and concurred to proximately cause the Plaintiff's injuries as herein above alleged.

WHEREFORE, Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, said amount to be determined.

## COUNT II
## RESPONDEAT SUPERIOR

11.    The Plaintiff adopts and incorporates paragraphs one (1) through ten (10) as if fully set out herein.

4

12.     On May 5, 2015, at the time of the occurrence forming the basis of the Plaintiff's Complaint, Defendant, Pictsweet, was the principal and/or employer of James Tillman McPeake.

13.     At the time of the occurrence forming the basis of the Plaintiff's Complaint, James Tillman McPeake was acting as the agent, servant and/or employee of Defendant.

14.     At the time of the occurrence forming the basis of the Plaintiff's Complaint, James Tillman McPeake was acting within the line and scope of his employment with Defendant.

15.     At the time of the occurrence forming the basis of the Plaintiff's Complaint, James Tillman McPeake was operating a vehicle in furtherance of the business purposes of Defendant. Defendant knew or should have known James Tillman McPeake would be operating its vehicles on the public roadways of the State of Alabama.

16.     As a result of the foregoing, Defendant, Pictsweet, is liable to Plaintiff, Terence Ronald Starks, under respondeat superior for the negligent or wanton conduct of James Tillman McPeake that proximately caused Plaintiff's injuries as described in Paragraph 9.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Terence Ronald Starks, requests that the jury selected to hear this case render a verdict for the Plaintiff, and against Defendant, Pictsweet, for compensatory and punitive damages, in an amount that adequately reflects the enormity and wrongfulness of the Defendant's conduct and that will effectively prevent other similar wrongful acts by Defendant in the future.  Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

## COUNT III
### (Negligent /Wanton Hiring, Training, and Supervision)

17.     Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

18.     Defendant, James Tillman McPeake, was working as an employee of Pictsweet at all times relevant to this Complaint.

19.     Defendant, Pictsweet, hired Defendant, James Tillman McPeake, as an employee with actual knowledge that Defendant, James Tillman McPeake, would be responsible for operating a motor vehicle on Alabama's roadways within the line and scope of his employment.

20.     Defendant, Pictsweet, knew at the time it hired Defendant, James Tillman McPeake, as an employee that ordinary care required that Defendant, Pictsweet, train and instruct its employees to observe and obey the traffic laws of the State of Alabama.

21.     Upon information and belief, Defendant, Pictsweet, negligently or wantonly hired, trained, and supervised Defendant, James Tillman McPeake, in that it failed to ascertain whether Defendant, James Tillman McPeake, was a safe and skillful driver, failed to adequately train Defendant, James Tillman McPeake, in the safe operation of a motor vehicle and failed to properly supervise in his operation of a motor vehicle.

22.     As a direct or proximate result of the negligent or wanton conduct of Defendant, Pictsweet, Plaintiff was caused to suffer the injuries and damages set out in Paragraph 9 above.

**WHEREFORE**, Plaintiff hereby demands of the Defendants, jointly and severally, compensatory and punitive damages in an amount in excess of the jurisdictional requirements of this Court, said amount to be determined.

<u>COUNT IV</u><br>
<u>NEGLIGENT/WANTON HIRING, TRAINING, RETENTION AND SUPERVISION</u>

23.    The Plaintiff adopts and incorporates paragraphs one (1) through twenty-two (22) as if fully set out herein.

24.    At the time of the occurrence forming the basis of the Plaintiff's Complaint, James Tillman McPeake was acting as the agent, servant and/or employee of Defendant, Pictsweet.

25.    As James Tillman McPeake's principal and/or employer, Defendant had a duty to exercise due and proper diligence in an effort to hire, train and/or supervise competent employees.

26.    Defendant negligently or wantonly breached this duty by failing to hire, train or supervise competent employees on or about the date of the occurrence made the basis of the Plaintiff's Complaint.

27.    Plaintiff alleges that his injuries and damages hereinafter described are a proximate consequence of the negligent, reckless, wanton, willful and/or wrongful conduct of the Defendant, Pictsweet and/or Fictitious Party Defendants A through EEE, described above.

28.    As a proximate consequence of the aforesaid wrongful, negligent, reckless, willful or wanton conduct of the above-described Defendant, fictitious party defendants, combined and concurred, the Plaintiff was injured as described in Paragraph 9.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Terence Ronald Starks, requests that the jury selected to hear this case render a verdict for the Plaintiff, and against Defendant, Pictsweet, for compensatory and punitive damages in an amount that adequately reflects the enormity and wrongfulness of the Defendant's conduct and that will effectively prevent other

7

similar wrongful acts by Defendant in the future. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

## COUNT V
## NEGLIGENT ENTRUSTMENT

29.     The Plaintiff adopts and incorporates paragraphs one (1) through twenty-eight (28) as if fully set out herein.

30.     At the time of the occurrence forming the basis of the Plaintiff's Complaint, James Tillman McPeake, negligently or wantonly caused or allowed a motor vehicle to collide with the vehicle operated by Terence Ronald Starks. Said negligent or wanton conduct was a proximate cause of Plaintiff's injuries and damages described in Paragraph 9.

31.     At the aforesaid time and place, Defendant, Pictsweet, was the owner of and had the right of control over the use of the motor vehicle driven by James Tillman McPeake. Defendant, Pictsweet, as owner, negligently entrusted said vehicle to James Tillman McPeake, who negligently or wantonly operated said vehicle injuring the Plaintiff.

32.     James Tillman McPeake, was incompetent to operate said motor vehicle, and Defendant, Pictsweet, knew or, by the exercise of reasonable care, should have known that James Tillman McPeake was incompetent to operate said motor vehicle.

33.     Defendant, Pictsweet, entrusted said vehicle to James Tillman McPeake, and is therefore liable to the Plaintiff. Said negligent entrustment was a proximate cause of Plaintiff's injuries and damages described in Paragraph 9.

34.     Plaintiff alleges that his injuries and damages hereinafter described are a proximate consequence of the negligent, reckless, wanton, willful and/or wrongful conduct of the Defendants, Pictsweet and Fictitious Party Defendants A through EEE, described above.

8

35.     As a proximate consequence of the aforesaid wrongful, negligent, reckless, willful or wanton conduct of the above-described Defendant, fictitious party defendants, combined and concurred, the Plaintiff was injured as described in Paragraph 9.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Terence Ronald Starks, requests that the jury selected to hear this case render a verdict for the Plaintiff, and against Defendant, Pictsweet, for compensatory and punitive damages in an amount that adequately reflects the enormity and wrongfulness of the Defendant's conduct and that will effectively prevent other similar wrongful acts by Defendant in the future.  Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of judgment and the costs incurred in prosecuting this lawsuit.

## COUNT VI
## (Fictitious Defendants)

36.     Plaintiff adopts and avers each and every paragraph above as if fully set out herein.

37.     Plaintiff further avers that the conduct of Fictitious Defendants, identified as Defendants, "A through EEE", combined and concurred to directly and/or proximately cause the Plaintiff's injuries and damages set out in **COUNT I** above.  Defendants, "A through EEE", whose current names and identities are unknown to the Plaintiff at the present time, will be correctly named and identified by amendment when properly ascertained.

WHEREFORE, the Plaintiff claims of the Fictitious Defendants, "A through EEE", damages in an amount in excess of the jurisdictional requirements of this Court, said amount to be determined.

                                              /s/John David Lawrence
                                              John David Lawrence
                                              BAR I.D. # (LAW036)
                                              Attorney for Plaintiff

OF COUNSEL:

**FARRIS, RILEY & PITT, L.L.P.**
1700 Financial Center
505 20th Street North
Birmingham, Alabama 35203
T: (205) 324-1212
F: (205) 324-1255
jlawrence@frplegal.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

                                               /s/ John David Lawrence
                                              OF COUNSEL

**SERVE DEFENDANT**
**BY CERTIFIED MAIL:**

James Tillman McPeake
320 Blankenship Street
Lexington, TN 38351

The Pictsweet Company
10 Pictsweet Drive
Bells, TN 38006

DOCUMENT 13

ELECTRONICALLY FILED
3/2/2017 3:21 PM
42-CV-2017-900034.00
CIRCUIT COURT OF
LAWRENCE COUNTY, ALABAMA
SANDRA LIGON, CLERK

## IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

| | |
|---|---|
| TERENCE RONALD STARKS, an individual, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO.:_____ |
| ) | |
| JAMES TILLMAN MCPEAKE, an individual, ) | |
| and THE PICTSWEET COMPANY, a ) | |
| corporation, ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JAMES TILLMAN MCPEAKE

Plaintiffs hereby serve these First Interrogatories and Requests for Production of Documents upon the Defendant, JAMES TILLMAN MCPEAKE, to be answered under oath in accordance with the *Alabama Rules of Civil Procedure*. These Interrogatories shall be deemed continuing so as to require supplemental answers if the person to whom the interrogatory is addressed obtains further information between the time the answers are served and the time of trial. Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of the Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to the Defendant, the question is also directed to the aforementioned persons.

### DEFINITIONS

NOTE A: Any reference to "you," "your," "this defendant," "these defendants" or any other similar reference shall be construed to acknowledge and/or otherwise identify JAMES TILLMAN MCPEAKE as identified in the Plaintiffs' Complaint.

NOTE B: These interrogatories and requests for production of documents shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this Defendant or this Defendant's attorney subsequent to your original response. Any such supplemental answers are to be filed and served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

NOTE C:        If you contend that any document or file requested is irrelevant or privileged in any way, please provide a list or index identifying all such documents (or each such documents compromising said file) by title, along with a short description of its subject matter.

NOTE D:        The terms "Plaintiff," "Plaintiffs" and/or "Plaintiff's" refers to TERENCE RONALD STARKS in his individual capacity on or about the date of the injury giving rise to the present lawsuit.

## INTERROGATORIES

1.        State the full name, residence address, telephone number and relation (if any) to the Defendants in this case of all people who assisted in any way to answer these Interrogatories.

2.        State the full name and current residence address of each person who witnessed or claims to have witnessed the collision forming the basis of this lawsuit.

3.        Identify with particularity the make, type, year and registration of the commercial vehicle operated by you on the date forming the basis of this lawsuit.

4.        Describe your trip on the date of the collision forming the basis of this lawsuit, including the point of origin, the destination, any stops and the purpose of the trip.

5.        Identify all owners, lessors and lessees of the commercial vehicle involved in the collision forming the basis of this lawsuit, providing the name, address and interest in the commercial vehicle.

6.        Identify all policies of liability insurance effective on the date of the collision forming the basis of this lawsuit, including MCS-90 endorsements, policies that provide excess or umbrella coverage, which may provide coverage for this claim.  For each such policy, identify the name of the company providing coverage, the policy number(s), the effective period(s) and the maximum liability limit(s) for each person and each occurrence, including property damage and medical payment coverage.

7.     Describe all traffic citations you received for a period of five (5) years before the collision forming the basis of this lawsuit, including the violation for which he was cited, the disposition of the citation, the state and court and whether the violation was in a commercial or personal vehicle.

8.     State whether you or anyone acting on your behalf has had any conversations with any witness or potential witness at any time with regard to the collision forming the basis of this lawsuit.  If so, state:

      a.     The date or dates of such conversations;
      b.     The people present for such conversations;
      c.     Whether a statement was written or recorded; and
      d.     Who has possession of the statement if written or recorded.

9.     State whether the individual responding to these Interrogatories has ever been convicted of a misdemeanor involving dishonesty or false statement or a felony of any kind.  If so, state the nature of the crime, the date of conviction and the court in which the conviction occurred.

10.     Identify all policies, procedures, manuals and/or guidelines that you were required to comply with on the date of the collision forming the basis of this lawsuit.

11.     Identify all previous employers for which/whom you have operated a commercial motor vehicle, including the name, address and telephone number of each employer.

12.     Describe all training provided to you by your employer.

13.     State whether any discipline or adverse action was imposed you as a result of the collision forming the basis of this lawsuit.  If so, describe the action with particularity.

14.     Identify all inspections performed on the commercial vehicle involved in the collision forming the basis of this lawsuit for one (1) year prior to the collision.  For each such inspection, identify whether the inspection revealed any defects, and describe any such defects with particularity.

15.     State whether you had, on the date of the collision and during the five (5) years prior to the collision, a medical or physical condition that required a physician's report or letter of approval to drive a commercial vehicle.  If so, state the nature of the condition, the date of diagnosis and identify the treating physician by name and address.

16.     State whether you consumed any alcohol within thirty-six (36) hours of the collision forming the basis of this lawsuit.  If so, identify the type and quantity of alcohol consumed, where the alcohol was consumed and who was present with you when the alcohol was consumed.

17.     State whether you consumed any medication or illegal drugs in the thirty-six (36) hours prior to the collision.  If so, identify the type and quantity of the substance consumed, and, for all prescription medications, the name and address of the prescribing physician.

18.     State the name and address of each witness who will testify at trial in this case.

19.     State whether there were any other occupants of your vehicle at the time of the collision forming the basis of this lawsuit.  If so, identify each such occupant by name and address.

20.     Identify each expert witness you intend to call at the trial of this lawsuit, and provide a full summary of the information required by *Alabama Rule of Civil Procedure* 26 for each such expert witness.

21.     State whether the commercial vehicle was equipped, at the time of the collision forming the basis of this lawsuit, with a GPS, satellite communication and/or e-mail communication device.  If so, identify the make and model of the system.

## **REQUESTS FOR PRODUCTION**

1.     Produce any existing inspection reports for the commercial vehicle involved in the collision forming the basis of this lawsuit.

2.      Produce all existing maintenance, inspection and repair records/work orders pertaining to the commercial vehicle involved in the collision forming the basis of this lawsuit.

3.      Produce all existing inspection reports for the commercial vehicle involved in the collision forming the basis of this lawsuit.

4.      Produce your complete personnel file.

5.      Produce all existing photographs, video, computer-generated media and/or other recordings of the interior or exterior of the vehicles involved in the collision forming the basis of this lawsuit.

6.      Produce all existing photographs, video, computer-generated media and/or other recordings of the scene of the collision forming the basis of this lawsuit.

7.      Produce all photographs, video, computer-generated media and/or other recordings of the Plaintiffs generated pursuant to surveillance of the Plaintiffs.

8.      Produce your post-collision alcohol and drug testing results.

9.      Produce any lease contracts covering the driver, any other Defendant or the commercial vehicle involved in the collision forming the basis of this lawsuit.

10.      Produce any electronic data and printout from on-board recording devices, including, but not limited to, the ECM (electronic control module), the EDR (electronic data recorder), any on-board computer, tachograph, trip monitor, trip recorder, trip master, GPS-enabled tracking device or any other recording or tracking device for the day of the collision.

11.      Produce any post-collision maintenance, inspection, repair records or invoices pertaining to the commercial vehicle involved in the collision forming the basis of this lawsuit.

12.     Produce any trip reports, dispatch records or trip envelopes pertaining to the driver, or the commercial vehicle involved in the collision for the day of this collision and the thirty (30) day period preceding the collision.

13.     Produce any emails, electronic messages, letters, memos, correspondence or other communications generated by or received by any Defendant and pertaining in any way to this collision.

14.     Produce any drivers' manuals, guidelines, rules or regulations given to drivers by any Defendant.

15.     Produce any reports, memos, notes, logs or other documents evidencing complaints about the driver involved in the collision forming the basis of this lawsuit.

16.     Produce any downloadable electronic data generated by the tractor's computer systems, including but not limited to Electronic Control Modules (ECM's), Event Data Recorders (EDR's), Anti-Lock Brake Modules, VORAD collision warning systems and other similar systems.

17.     Produce all OmniTRAC, Qualcomm, MVPC, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS and other similar systems' data for the six (6) months prior to the collision pertaining to this driver and this tractor.

18.     Produce all diagrams, surveys, sketches or reproductions of the vehicles or the scene of the collision forming the basis of this lawsuit.

19.     Produce all manuals, statutes, standards, guidelines, rules, regulations or procedures that the Defendant will use or rely upon in the defense of the Plaintiffs' lawsuit.

20.     Produce all books, texts, publications, journals, pamphlets, treatises or other documents that the Defendant will use or rely upon in the defense of the Plaintiffs' lawsuit.

21.     Produce all documents, exhibits or other tangible or demonstrative evidence that the Defendant will introduce into evidence, use at a deposition or use at trial in this case.

22.     Produce all documents pertaining to any arrests or convictions of the driver.

23.     Produce all documents pertaining to medications being taken by or prescribed to the driver of the commercial vehicle in this case.

24.     Produce all accident reports, police reports and/or investigation reports regarding the collision forming the basis of this lawsuit.

25.     Produce all training or instructional videotapes, CD's, DVD's, electronic modules, books or other documents or materials used by the Defendant to train any of its drivers at any time during the five (5) years prior to the collision forming the basis of this lawsuit.

26.     Produce a copy of all wrecker and/or tow truck records pertaining to the vehicle operated by the driver at the time of the collision forming the basis of this lawsuit.

27.     Produce a copy of the truck and trailer title, licenses and registration for the vehicle being operated at the time of the collision forming the basis of this lawsuit.

28.     Produce a copy of any placards displayed on the vehicle being operated at the time of the collision forming the basis of this lawsuit.

29.     Produce a copy of any and all insurance policies, including applications, renewal applications, binders, declarations, endorsements and riders, which may provide any coverage for the collision forming the basis of this lawsuit.

30.     Produce all documents pertaining to the purchase or lease of the commercial vehicle involved in the collision forming the basis of this lawsuit.

31.     Produce all documents pertaining to any disciplinary actions taken against the driver of the commercial vehicle involved in the collision forming the basis of this lawsuit at any time during the three (3) years prior to the collision.

32.     Produce all documents pertaining to the Defendant's policies and procedures relating to alcohol and drug testing of drivers.

33.     Produce all statements, whether written, summarized and/or recorded on audio or video, taken of the Plaintiff at any time subsequent to the collision forming the basis of this lawsuit.

34.     Produce all cell phone records pertaining to calls made or received by the driver on the date of the collision forming the basis of this lawsuit; alternatively, state the name of the driver's cell phone provider and the phone number and account number assigned by the cell phone provider.

35.     Produce copies of all resumes or similar documents setting forth the educational background and qualifications of each expert witness expected to testify at the trial of this case. Produce copies of all documents or other materials the Defendant has obtained or will obtain during the course of this litigation by Rule 45 subpoena(s).

**Dated:** This, the 2nd day of March, 2017.

/s/ John David Lawrence
John David Lawrence (LAW036)
Attorney for the Plaintiff

**OF COUNSEL:**

FARRIS, RILEY & PITT, LLP
The Financial Center
505 20th Street North
Suite 1700
Birmingham, Alabama 35203
P (205) 324-1212
F (205) 324-1255

**CLERK:  PLEASE SERVE WITH SUMMONS AND COMPLAINT.**

ELECTRONICALLY FILED
3/2/2017 3:21 PM
42-CV-2017-900034.00
CIRCUIT COURT OF
LAWRENCE COUNTY, ALABAMA
SANDRA LIGON, CLERK

## IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

| | |
|---|---|
| TERENCE RONALD STARKS, an individual, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:**_____ |
| ) | |
| JAMES TILLMAN MCPEAKE, an individual, ) | |
| and THE PICTSWEET COMPANY, a ) | |
| corporation, ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, THE PICTSWEET COMPANY

Plaintiff hereby serves these First Interrogatories and Requests for Production of Documents upon the Defendant, THE PICTSWEET COMPANY, to be answered under oath in accordance with the *Alabama Rules of Civil Procedure*. These Interrogatories shall be deemed continuing so as to require supplemental answers if the person to whom the interrogatory is addressed obtains further information between the time the answers are served and the time of trial. Each interrogatory is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of the Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to the Defendant, the question is also directed to the aforementioned persons.

### DEFINITIONS

NOTE A: Any reference to "you," "your," "this Defendant," "these Defendants" or any other similar reference shall be construed to acknowledge and/or otherwise identify Defendant THE PICTSWEET COMPANY, as identified in the Plaintiff's Complaint.

NOTE B: These interrogatories and requests for production of documents shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this Defendant or this Defendant's attorney subsequent to your original response. Any such supplemental answers are to be filed and served upon counsel for the Plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

1

NOTE C:     If you contend that any document or file requested is irrelevant or privileged in any way, please provide a list or index identifying all such documents (or each such documents compromising said file) by title, along with a short description of its subject matter.

NOTE D:     The terms "Plaintiff," and/or "Plaintiff's" refer to the Terence Ronald Starks on or about the date of the injury giving rise to the present lawsuit.

NOTE E:     The term "Driver" refers to James Tillman McPeake.

## INTERROGATORIES

1.     State the full name, residence address, telephone number and relation (if any) to the Defendants in this case of all people who assisted in any way to answer these Interrogatories.

2.     State the full name and current residence address of each person who witnessed or claims to have witnessed the collision forming the basis of this lawsuit.

3.     Identify the Defendant's Safety Director at the time of the collision forming the basis of this lawsuit, and identify the Defendant's Safety Director now.

4.     Identify with particularity the make, type, year and registration of the commercial vehicle operated by the Driver on the date forming the basis of this lawsuit, including in your response the make, model and date of manufacture of the engine contained in the tractor.

5.     Describe with particularity the load that the Defendant was hauling at the time of the collision forming the basis of this lawsuit.

6.     Describe the Driver's trip on the date of the collision forming the basis of this lawsuit, including the point of origin, the destination, any stops and the purpose of the trip.

7.     Identify all owners, lessors and lessees of the tractor and chassis involved in the collision forming the basis of this lawsuit, providing the name, address and interest in the tractor and trailer.

2

8.     Identify all policies of liability insurance effective on the date of the collision forming the basis of this lawsuit, including MCS-90 endorsements, policies that provide excess or umbrella coverage, which may provide coverage for this claim.  For each such policy, identify the name of the company providing coverage, the policy number(s), the effective period(s) and the maximum liability limit(s) for each person and each occurrence, including property damage and medical payment coverage.

9.     Describe all traffic citations the Driver received for a period of five (5) years before the collision forming the basis of this lawsuit, including the violation for which he was cited, the disposition of the citation, the state and court and whether the violation was in a commercial or personal vehicle.

10.     State whether the Defendant or anyone acting on the Defendant's behalf has had any conversations with any witness or potential witness at any time with regard to the collision forming the basis of this lawsuit.  If so, state:

> a.     The date or dates of such conversations;
> b.     The people present for such conversations;
> c.     Whether a statement was written or recorded; and
> d.     Who has possession of the statement if written or recorded.

11.     State whether the individual responding to these Interrogatories has ever been convicted of a misdemeanor involving dishonesty or false statement or a felony of any kind.  If so, state the nature of the crime, the date of conviction and the court in which the conviction occurred.

12.     Identify all policies, procedures, manuals and/or guidelines that the Driver was required to comply with on the date of the collision forming the basis of this lawsuit.

13.     Identify all procedures used by the Defendant to audit logs of drivers.  If this function is outsourced to another company, identify that company by name and address.

14.     Identify all previous employers for which/whom the Driver has operated a commercial motor vehicle, including the name, address and telephone number of each employer.

15.     Describe all training provided by the Defendant to the Driver.

16.     State whether any discipline or adverse action was imposed on the Driver as a result of the collision forming the basis of this lawsuit. If so, describe the action with particularity.

17.     Identify all inspections performed on the tractor and trailer involved in the collision forming the basis of this lawsuit for one (1) week prior to the collision. For each such inspection, identify whether the inspection revealed any defects, and describe any such defects with particularity.

18.     State whether the Driver had, on the date of the collision and during the five (5) years prior to the collision, a medical or physical condition that required a physician's report or letter of approval to drive a commercial vehicle. If so, state the nature of the condition, the date of diagnosis and identify the treating physician by name and address.

19.     State whether the Driver consumed any alcohol within thirty-six (36) hours of the collision forming the basis of this lawsuit. If so, identify the type and quantity of alcohol consumed, where the alcohol was consumed and who was present with the driver when the alcohol was consumed.

20.     State whether the driver consumed any medication or illegal drugs in the thirty-six (36) hours prior to the collision. If so, identify the type and quantity of the substance consumed, and, for all prescription medications, the name and address of the prescribing physician.

21.     State the name and address of each witness who will testify at trial in this case.

4

22.     State whether there were any other occupants of the Defendant's vehicle at the time of the collision forming the basis of this lawsuit.  If so, identify each such occupant by name and address.

23.     State all federal motor carrier numbers and or DOT numbers issued to the Defendant.

24.     State the weight of the tractor, individually, and the weight of the load hauled by the tractor, individually, at the time of the collision forming the basis of this lawsuit.

25.     Identify the name and address of the dealership at which the subject tractor was originally purchased.

26.     Identify each expert witness you intend to call at the trial of this lawsuit, and provide a full summary of the information required by *Alabama Rule of Civil Procedure* 26 for each such expert witness.

27.     Identify each step in the hiring process taken by the Defendant at the time the Driver was hired.

32.     State whether the tractor was equipped, at the time of the collision forming the basis of this lawsuit, with a GPS, satellite communication and/or e-mail communication device.  If so, identify the make and model of the system.

**REQUESTS FOR PRODUCTION**

1.      Produce bills of lading for the shipment being hauled by the driver prior to the collision forming the basis of this lawsuit.

2.      Produce bills of lading for all shipments transported by the Driver during the thirty (30) day period prior to the collision forming the basis of this lawsuit.

3.      Produce all contractual or other written agreements between any defendant in this case, including, but not limited to, indemnity agreements.

4.      Produce the Driver's daily logs for the day of the collision forming the basis of this lawsuit, and for the six (6) month period prior to the collision, together with all material required by 49 C.F.R. 396.8 and 395.15 for the driver involved in this collision.

5.      Produce all existing vehicle inspection reports required by 49 C.F.R. 396.11 for the vehicle involved in the collision forming the basis of this lawsuit.

6.      Produce all existing daily inspection reports for the tractor and the chassis involved in the collision forming the basis of this lawsuit.

7.      Produce all existing maintenance, inspection and repair records/work orders pertaining to the tractor and the chassis involved in the collision forming the basis of this lawsuit.

8.      Produce all existing annual inspection reports for the tractor and chassis involved in the collision forming the basis of this lawsuit.

9.      Produce the Driver's complete Driver Qualification File, as required by 49 C.F.R. 391.51, including, but not limited to:

         a.      Application for employment;
         b.      CDL license;
         c.      Driver's certification of prior traffic violations;
         d.      Driver's certification of prior collisions;
         e.      Driver's employment history;
         f.      Inquiry into driver's employment history;
         g.      Pre-employment MVR;
         h.      Annual MVR;
         i.      Annual review of driver history;
         j.      Certification of road test;
         k.      Medical examiner's certificate;
         l.      Drug testing records; and
         m.      HAZMAT or any other training materials and documents.

10.     Produce all existing photographs, video, computer-generated media and/or other recordings of the interior or exterior of the vehicles involved in the collision forming the basis of this lawsuit.

11.     Produce all existing photographs, video, computer-generated media and/or other recordings of the scene of the collision forming the basis of this lawsuit.

12.     Produce all photographs, video, computer-generated media and/or other recordings of the Plaintiff generated pursuant to surveillance of the Plaintiff.

13.     Produce the driver's post-collision alcohol and drug testing results.

14.     Produce any lease contracts covering the Driver, any other Defendant, the tractor or the chassis involved in the collision forming the basis of this lawsuit.

15.     Produce all interchange agreements pertaining to the tractor or chassis involved in the collision forming the basis of this lawsuit.

16.     Produce any electronic data and printout from on-board recording devices, including, but not limited to, the ECM (electronic control module), the EDR (electronic data recorder), any on-board computer, tachograph, trip monitor, trip recorder, trip master, GPS-enabled tracking device or any other recording or tracking device for the day of the collision and the six (6) month period preceding the collision for the tractor and trailer involved in the collision forming the basis of this lawsuit.

17.     Produce any post-collision maintenance, inspection, repair records or invoices pertaining to the tractor and chassis involved in the collision forming the basis of this lawsuit.

18.     Produce any weight tickets, fuel receipts, hotel bills, tolls or other records of expenses, regardless of category, pertaining to the Driver, the tractor and the chassis involved in this collision for the day of the collision and the thirty (30) day period preceding the collision.

19.     Produce any trip reports, dispatch records or trip envelopes pertaining to the driver, the tractor and the trailer involved in the collision for the day of this collision and the thirty (30) day period preceding the collision.

20.     Produce any emails, electronic messages, letters, memos, correspondence or other communications generated by or received by any Defendant and pertaining in any way to this collision.

21.     Produce the accident register maintained by the motor carrier for the one (1) year period preceding the collision forming the basis of this lawsuit.

22.     Produce any drivers' manuals, guidelines, rules or regulations given to drivers by any Defendant.

23.     Produce any reports, memos, notes, logs or other documents evidencing complaints about the driver involved in the collision forming the basis of this lawsuit.

24.     Produce any downloadable electronic data generated by the tractor's computer systems, including but not limited to Electronic Control Modules (ECM's), Event Data Recorders (EDR's), Anti-Lock Brake Modules, VORAD collision warning systems and other similar systems.

25.     Produce the pre-trip inspection report completed by the Driver for the trip involved in this collision.

26.     Produce all OmniTRAC, Qualcomm, MVPC, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS and other similar systems' data for the six (6) months prior to the collision pertaining to this driver and this tractor.

27.     Produce all settlement sheets and expense sheets for the Driver pertaining to trips taken on the date of the collision forming the basis of this lawsuit and thirty (30) days prior to the collision.

28.     Produce all cargo pickup or delivery orders prepared by motor carriers, brokers, shippers, receivers, drivers or other persons or organizations for thirty (30) days prior to the date of this collision, as well as the date of this collision.

29.     Produce all accounting records, cargo transportation bills, and subsequent payments or other records indicating billings for transportation or subsequent payment for the transportation of cargo for cargo transported by the driver and/or the tractor involved in this collision for the date of the collision and for thirty (30) days prior to the date of the collision.

30.     Produce the entire personnel file pertaining to the Driver.

31.     Produce the BASIC measurements for all Defendants and the Driver for three (3) years prior to the collision forming the basis of this lawsuit.

32.     Produce any documents evidencing deficiencies in any BASIC (Behavior Analysis and Safety Improvement Categories) category for all Defendants and the Driver for three (3) years prior to the collision forming the basis of this lawsuit.

33.     Produce all diagrams, surveys, sketches or reproductions of the vehicles or the scene of the collision forming the basis of this lawsuit.

34.     Produce all manuals, statutes, standards, guidelines, rules, regulations or procedures that the Defendant will use or rely upon in the defense of the Plaintiff's lawsuit.

35.     Produce all documents pertaining to any arrests or convictions of the Driver.

36.     Produce all documents pertaining to medications being taken by or prescribed to the Driver of the tractor in this case.

9

37.    Produce all accident reports, police reports and/or investigation reports regarding the collision forming the basis of this lawsuit.

38.    Produce all training or instructional videotapes, CD's, DVD's, electronic modules, books or other documents or materials used by the Defendant to train any of its drivers at any time during the five (5) years prior to the collision forming the basis of this lawsuit.

39.    Produce all documents pertaining to any disciplinary actions taken against the driver of the tractor and trailer involved in the collision forming the basis of this lawsuit at any time during the three (3) years prior to the collision.

40.    Produce all cell phone records pertaining to calls made or received by the driver on the date of the collision forming the basis of this lawsuit; alternatively, state the name of the driver's cell phone provider and the phone number and account number assigned by the cell phone provider.

41.    Produce copies of all documents or other materials the Defendant has obtained or will obtain during the course of this litigation by Rule 45 subpoena(s).

                                                   /s/ John David Lawrence
                                                   John David Lawrence
                                                   Attorney for the Plaintiff

**OF COUNSEL:**

FARRIS, RILEY & PITT, LLP
The Financial Center
505 20th Street North
Suite 1700
Birmingham, Alabama 35203
P (205) 324-1212
F (205) 324-1255

**CLERK: PLEASE SERVE WITH SUMMONS AND COMPLAINT.**



**AlaFile E-Notice**

42-CV-2017-900034.00

To: JOHN DAVID LAWRENCE
jlawrence@frplegal.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

TERENCE RONALD STARKS V. JAMES TILLMAN MCPEAKE ET AL
42-CV-2017-900034.00

The following complaint was FILED on 3/2/2017 3:22:16 PM

Notice Date:     3/2/2017 3:22:16 PM

SANDRA LIGON
CIRCUIT COURT CLERK
LAWRENCE COUNTY, ALABAMA
14451 MARKET STREET, SUITE 300
MOULTON, AL, 35650

256-974-2432



**AlaFile E-Notice**

42-CV-2017-900034.00

To: JAMES TILLMAN MCPEAKE
320 BLANKENSHIP STREET
LEXINGTON, TN, 38006

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

TERENCE RONALD STARKS V. JAMES TILLMAN MCPEAKE ET AL
42-CV-2017-900034.00

The following complaint was FILED on 3/2/2017 3:22:16 PM

Notice Date:     3/2/2017 3:22:16 PM

SANDRA LIGON
CIRCUIT COURT CLERK
LAWRENCE COUNTY, ALABAMA
14451 MARKET STREET, SUITE 300
MOULTON, AL, 35650

256-974-2432



**AlaFile E-Notice**

42-CV-2017-900034.00

To:  THE PICTSWEET COMPANY
10 PICTSWEET DRIVE
BELLS, TN, 38006

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF LAWRENCE COUNTY, ALABAMA

TERENCE RONALD STARKS V. JAMES TILLMAN MCPEAKE ET AL
42-CV-2017-900034.00

The following complaint was FILED on 3/2/2017 3:22:16 PM

Notice Date:      3/2/2017 3:22:16 PM

SANDRA LIGON
CIRCUIT COURT CLERK
LAWRENCE COUNTY, ALABAMA
14451 MARKET STREET, SUITE 300
MOULTON, AL, 35650

256-974-2432

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>42-CV-2017-900034.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF LAWRENCE COUNTY
### TERENCE RONALD STARKS V. JAMES TILLMAN MCPEAKE ET AL

JAMES TILLMAN MCPEAKE, 320 BLANKENSHIP STREET, LEXINGTON, TN 38006

NOTICE TO

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN DAVID LAWRENCE

WHOSE ADDRESS IS 505 20th Street North, Suite 1700, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    TERENCE RONALD STARKS
pursuant to the Alabama Rules of the Civil Procedure

Date   3/2/2017 3:22:16 PM        /s/ SANDRA LIGON

Clerk/Register

14451 MARKET STREET, SUITE 300

MOULTON, AL 35650

| ☑ Certified Mail is hereby requested | /s/ JOHN DAVID LAWRENCE |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of the Summons and Complaint to

_____ in _____ County, Alabama on _____
                                                                            (Date)

_____
Date

_____
Server's Signature

_____
Address of Server

_____
Type of Server

_____
Server's Printed Name

_____
Phone Number of Server

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>42-CV-2017-900034.00 |
| --- | --- | --- |

IN THE CIRCUIT COURT OF LAWRENCE COUNTY
TERENCE RONALD STARKS V. JAMES TILLMAN MCPEAKE ET AL

THE PICTSWEET COMPANY, 10 PICTSWEET DRIVE, BELLS, TN 38006

NOTICE TO

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN DAVID LAWRENCE

WHOSE ADDRESS IS 505 20th Street North, Suite 1700, BIRMINGHAM, AL 35203

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   TERENCE RONALD STARKS
pursuant to the Alabama Rules of the Civil Procedure

Date   3/2/2017 3:22:16 PM          /s/ SANDRA LIGON

Clerk/Register
14451 MARKET STREET, SUITE 300
MOULTON, AL 35650

---

☑ Certified Mail is hereby requested

/s/ JOHN DAVID LAWRENCE
Plaintiff's/Attorney's Signature

---

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
                                                                    (Date)

_____          _____          _____
Date                      Server's Signature         Address of Server

_____          _____
Type of Server            Server's Printed Name       _____
                                                      Phone Number of Server